**The document below is hereby signed.**

**Dated: October 27, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
GB HERNDON AND ASSOCIATES,         )   Case No. 10-00945
INC.,                              )   (Chapter 11)
                                   )   Not for Publication in
                  Debtor.          )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S CORRECTED
MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA

The Debtor's Corrected Motion to Compel Production of Documents seeks to enforce a request to produce documents under Fed. R. Civ. P. 37 (and does not seek, as the title of its motion suggests, to enforce production under a subpoena).[1] The requested documents relate to the loan that Adams National Bank (now Premier Bank, Inc.) made to the debtor. Rule 37 applies to contested matters under Fed. R. Bankr. P. 9014. The only pending contested matter in which a Rule 37 request could be pursued is Premier Bank's motion to convert this case to chapter 7. Premier

---

[1] The request for production was contained in a notice of deposition. It is the same request that the court's memorandum decision of August 29, 2011, addressed and erroneously assumed was made by a subpoena (because the debtor erroneously referred to it as a subpoena).

Bank opposes the Motion to Compel on the basis that the documents sought have no relevance to the motion to convert. The debtor's reply fails to articulate how the documents could be relevant to that contested matter. Regarding relevance, the debtor's reply only points to a letter of August 24, 2011, in which counsel for the debtor merely stated:

> The examination will be related to matters regarding the Bank's proof of claim and issues related to the documents requested in Exhibit A. The documents are relevant to the claim and defenses.

The court, however, has already issued a judgment in an adversary proceeding in this case adjudicating the amount of the bank's claim. The debtor, in other words, has not shown how its request satisfies the limitation of discovery under Fed. R. Civ. P. 26(b)(1) to matters relevant to the motion to convert or to the debtor's opposition to the motion.

The debtor did not seek leave to serve a subpoena under Fed. R. Bankr. P. 2004, and accordingly the requested production of documents cannot be upheld as seeking documents pursuant to a broad inquiry under a Rule 2004 subpoena that is not subject to the necessity of the subpoena being relevant to a pending contested matter. It is thus

ORDERED that the Debtor's Corrected Motion to Compel Production of Documents (Dkt. No. 142) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notices of filings.